Hector VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-87-00029-CR.

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1987.

Jeffrey Czar, Laredo, for appellant.

Julio Garcia, Laredo, for appellee.

Before ESQUIVEL, BUTTS, and CHAPA, JJ.

---

## OPINION

CHAPA, Justice.

Appellant was convicted of involuntary manslaughter by reason of intoxication pursuant to TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1974). A jury found appellant guilty and assessed punishment at five years confinement with a recommendation that the term be probated. The trial court imposed a special condition of probation requiring appellant to serve one hundred twenty days in the Texas Department of Corrections. We affirm.

The issues before us are:

1) whether a mistrial was justified due to the absence of a juror;

2) whether TEX.CODE CRIM.PROC. ANN. art. 42.12 § 6b(c) (Vernon Supp.1987) is constitutional;

3) whether TEX.CODE CRIM.PROC. ANN. art. 42.12 § 6b(c) (Vernon Supp.1987) is applicable when a jury assesses punishment and recommends probation.

The record reflects that a jury was selected on October 20, 1986. On October 21, 1986, one of the jurors indicated that she felt uncomfortable serving on the jury because she believed that she was related to the victim. After examination of the juror, appellant moved for a mistrial which the court granted.

A second jury was selected on October 27, 1986. The court excused the twelve jurors until the case was scheduled to be heard. When the case was called on November 6, 1986, one of the jurors, Edna Mejia, was absent. The court sent a sheriff's deputy to locate Mejia, and was unable to find her. The deputy indicated that he went to the address provided on the juror's information form and spoke to Mejia's sister. The sister advised him that Mejia had since married and moved to another address. Although the sister did not know Mejia's new address, she did provide the deputy with the telephone number to the new address. However, when the number was called, there was no response. On November 25, 1986, Mejia testified that she had been absent because she had been confused as to what date she was required to appear in court and mistakenly believed that she was not supposed to be present until November 7, 1986.

Following the deputy's report, the court, on its own motion, declared a mistrial because the deputy had been unable to locate Mejia and because appellant elected not to proceed with only eleven jurors. Thereafter, appellant moved for dismissal on the grounds that the mistrial was not necessary. The court denied appellant's motion. On December 8, 1986, a third jury was selected, after which time the trial commenced.

In his first point of error, appellant contends that the trial court erred in declaring a mistrial on its own motion. As a result, he contends retrial of this case is barred by the double jeopardy clause of both the United States and Texas Constitutions.

In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed. 2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455, 457 (Tex.Crim.App.1979). Once jeopardy attaches, as it did in this case, a defendant possesses a valued right to have his guilt or innocence determined before that particular trier of fact. *Ex parte Myers*, 618 S.W.2d 365, 368 (Tex.Crim.App. 1981), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981); *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App.1981). Whether there can be a new trial after a mistrial has been declared, absent defendant's request or consent, depends on whether there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Chvojka v. State*, 582 S.W.2d 828, 830 (Tex.Crim.App.1979).

A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve

'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court.

*Schaffer v. State*, 649 S.W.2d 637, 639 (Tex.Crim.App.1983), *citing, Illinois v. Somerville.*

In the case at bar, the deputy stated that he was unable to locate Mejia despite the address obtained from the juror's information form and the telephone number obtained from the juror's sister. When appellant elected not to proceed with the eleven juror's present, the trial court properly declared a mistrial. To proceed to trial with eleven jurors under these circumstances without the consent of appellant would have been reversible error. *Carrillo v. State*, 597 S.W.2d 769 (Tex.Crim.App.1980). Therefore we hold that the trial court did not abuse its discretion in declaring the mistrial and the subsequent retrial of the case was not barred. Point of error number one is overruled.

In points of error two and three, appellant complains of the mandatory confinement imposed as a condition of his probation pursuant to TEX.CODE CRIM. PROC. ANN. art. 42.12 § 6b(c) (Vernon Supp. 1987). Appellant contends that this article denies him due process and equal protection of the law in violation of the United States Constitution, the Texas Constitution and article 1.04 of the Texas Code of Criminal Procedure. Appellant further contends that the article is not applicable when the jury assesses punishment and recommends probation.

These points have been brought to this Court's attention in *Lopez v. State*, 709 S.W.2d 744 (Tex.App.—San Antonio 1986, pet. ref'd) and rejected.

... we are unable to perceive any infringement of appellant's constitutional rights to due process or equal protection of the law. The statute at issue clearly mandates the trial court to require as a condition of probation that the defendant serve a term of confinement of not less than 120 days in a penal institution. Considerations of public safety form a rational basis for the Legislature to require mandatory confinement for 120 days as a condition of probation. See State ex rel. *Vance v. Hatten*, 600 S.W.2d 828, 831 (Tex.Crim.App.1980). Appellant has failed to show that the statute is ambiguous or that the mandatory language of the statute in effect creates suspect classifications. Therefore, we conclude that the trial court had the power and the authority to require appellant to serve 120 days in a penal institution as a condition of the probation recommended by the jury.

*Lopez v. State*, 709 S.W.2d at 745.

Other Texas courts have reached similar conclusions. *See Townsend v. State*, 725 S.W.2d 463 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Hypke v. State*, 720 S.W.2d 158 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *State v. Garza*, 709 S.W.2d 18 (Tex.App.—Corpus Christi 1986, no pet.). Points of error two and three are overruled.

The judgment is affirmed.