Emil Andre **GONZALEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–89–00001–CR.

Court of Appeals of Texas, El Paso.

April 5, 1989.

Discretionary Review Refused June 7, 1989.

Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an interlocutory appeal from a judgment denying a writ of habeas corpus which was sought to bar the Defendant's retrial for murder on the grounds of double jeopardy. We affirm.

■ The Defendant had been found guilty of murder and assessed a sixty-year penitentiary sentence by a jury. The conviction was reversed by this Court and remanded for a new trial. The grounds of reversal were that the trial court erred in allowing (1) prejudicial hearsay into evidence, and (2) the prosecutor to misstate the law and to comment on the trial court's position regarding lesser included offenses. The Appellant contends double jeopardy should attach because the willful or reckless conduct by the State in causing error in the trial denied him due process of law.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article 1, sec. 14 of the Texas Constitution protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense. *Zimmerman v. State*, 750 S.W.2d 194 (Tex.Crim.App.1988). Legal precedent concerning prosecutorial or judicial overreaching becoming a bar to retrial have generally been limited to the instances where a mistrial was declared. The protection endeavored to be afforded is to prevent a prosecutor or judge, who is displeased with the progress or circumstance of a trial, from purposefully committing an impropriety designed to avoid an acquittal. A defendant might feel impelled to move for a mistrial to prevent this intentional or reckless injury and be subjected to a subsequent trial perhaps under more unfavorable conditions. See *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). *Robinson v. Wade*, 686 F.2d 298 (5th Cir.1982).

■ In *Tenery v. State*, 680 S.W.2d 629 (Tex.App.—Corpus Christi 1984, PDRR), there is the following language:

Whether the exception (i.e., intentional government overreaching) extends to situations where, as here, an earlier prosecution culminated in a jury verdict only to be set aside by an order of new trial is a matter of some doubt. The uncertainty arises from the established principle that "the successful appeal of a judgment of conviction, *on any ground other than the insufficiency of the evidence to support the verdict*, poses no bar to further prosecution on the same charge." *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); see *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *United States v. DiFrancesco*, 449 U.S. 117, 130–31, 101 S.Ct. 426, 433–34, 66 L.Ed.2d 328 (1980). Similarly, when the trial proceeds to its conclusion despite a legitimate claim of seriously prejudicial error, the Double Jeopardy Clause will present no obstacle to a retrial if the conviction is reversed on appeal. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Durrough v. State*, 620 S.W.2d 134, 139 (Tex.Crim.App.1981).

Language in the *Burks* case is as follows:

In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

Where intentional misconduct by a government officer causes a trial to be terminated before its natural conclusion, it denies a defendant the opportunity to avoid a conviction. Where a trial proceeds to verdict and there was intentional overreaching by the prosecutor, a defendant is still somewhat benefited with two opportunities to obtain an acquittal, although one has been lessened by prosecutorial misconduct. It may be in the interest of deterrence to make such misconduct, regardless of harm, the grounds for a new trial. And, of course, the prosecutor should answer for violations of the Disciplinary Rules of the State Bar of Texas. The trial judge is required to initiate disciplinary action on such matters under Canon 3(B)(3), Code of Judicial Conduct. But to bar a subsequent trial where there are other available mechanisms to constrain overzealous prosecutors from violating the rights of defendants is too drastic. It may act as an invitation to what in essence would be a double appeal on every reversed conviction involving prosecutor error, with all the costs, delays and difficulties in determining intent. Although a prosecutor might be deterred by an extension of the Double Jeopardy Clause, it is the public that may be penalized and jeopardized. A retrial of the defendant subjects him to additional expense and anxiety, but does allow him two chances of acquittal and maintains society's valid concern for insuring that the guilty are punished. We realize that in *Tenery* and *Zimmerman*, there is some dicta suggesting possible support of the expansion of the Clause. With all due respect, it is dicta, and we decline to follow it.

The judgment of the trial court is affirmed.

FULLER, Justice, concurring.

I concur with the result only, and I would limit my concurrence to the fact that it cannot be concluded from the circumstances and facts presented that the misconduct was sufficiently proven or was of such a nature to constitute prosecutorial overreaching sufficient to bar Appellant's retrial.

However, I feel that the district attorney's office should not be let off by merely stating that prosecutors should answer for violations of the Disciplinary Rules of the State Bar of Texas under Canon 3(B)(3). General apathy exists by members of local and state bar when matters considering criminal law are concerned, and, of course, this does not provide any relief for a defendant when he has been abused or wronged by overreaching conduct by prosecutors. The conduct of the two assistant district attorneys in this case, especially the one with over eleven years' of prosecutorial experience, was shameful. Fortunately, it is not representative of all prosecutors.