Ronald Ellis BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00202–CR.

Court of Appeals of Texas,
San Antonio.

April 26, 1995.

Discretionary Review Refused
Sept. 13, 1995.

**806**

John F. Carroll, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Barbara Hervey, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before RICKHOFF, LOPEZ and GREEN, Justices.

LOPEZ, Justice.

Appellant was convicted on one count of possession of less than 28 grams of cocaine. He asserts on appeal that the trial court erred in submitting possession to the jury as a lesser-included offense of possession with intent to deliver because prosecution on both offenses was barred by double jeopardy. We find that the charge of possession was not effectively waived, abandoned or dismissed by the State after jeopardy attached. Submission of both offenses to the jury was proper. Appellant's conviction is affirmed.

Appellant's first point of error is that the trial court erred in overruling his special plea of double jeopardy. His second point is that the trial court erred in submitting the offense of possession of cocaine to the jury because prosecution was barred by double jeopardy. We address both points in the same manner as Appellant—in one general discussion.

## A. Facts and Procedure

Appellant was initially charged in a two-count indictment: count one was possession of less than 28 grams of cocaine with intent to deliver, and count two was straight possession of less than 28 grams of cocaine. During voir dire, the State asserted that it intended to abandon the count of straight possession because they wanted to submit the offense to the jury as a lesser-included offense of count one. The trial judge did not indicate whether it consented to the abandonment of count two. After the evidence was presented but before the charge was read to the jury, Appellant entered a special plea of double jeopardy, arguing that after jeopardy attached to the indictment, the State affirmatively waived and abandoned count two. This, Appellant argued, barred any further prosecution for possession of cocaine, including prosecution for the greater offense of possession with intent to deliver. Appellant concluded in his special plea that submission of either offense to the jury violated the constitutional prohibitions against double jeopardy. The trial judge denied the special plea. The jury charge included both offenses, and the jury returned a verdict of guilty on straight possession. Appellant was thus impliedly acquitted of possession with intent to deliver. *See Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

## B. Double Jeopardy

Under the Fifth Amendment of the United States Constitution, applicable to the States through the Fourteenth Amendment, "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amends. V, XIV. The double jeopardy provision of the Texas Constitution further provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of

competent jurisdiction." TEX. CONST. art. I, § 14.

A person is placed in jeopardy of life or liberty at the moment jeopardy "attaches" to a charge, and if a prosecutor subsequently dismisses that charge, the State loses the opportunity to try that charge forever. *McElwee v. State,* 589 S.W.2d 455, 460 (Tex.Crim.App.1979). Jeopardy attaches in a jury trial when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Alvarez v. State,* 864 S.W.2d 64 (Tex.Crim.App.1993); *Vasquez v. State,* 740 S.W.2d 120, 121 (Tex. App.—San Antonio 1987, no pet.). If the State orally waives or abandons a count or charge in the indictment on the record before the jury is empaneled and sworn, with the trial court's permission, no jeopardy will attach to the abandoned count. *Proctor v. State,* 841 S.W.2d 1, 4 (Tex.Crim.App.1992); *Ex parte Preston,* 833 S.W.2d 515, 518 (Tex. Crim.App.1992). However, abandonment after jeopardy attaches is tantamount to an acquittal on the abandoned count, and subsequent prosecution on that count or on any greater-included offense is barred by double jeopardy under the United States and Texas constitutions. *State v. Florio,* 845 S.W.2d 849, 853 (Tex.Crim.App.1992); *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex.Crim.App. 1991). The timing of the State's abandonment of the count or charge is thus crucial in determining whether the State preserved its right to subsequently prosecute a defendant for that offense.

Both Appellant and the State contend that count two of the indictment, straight possession, was effectively abandoned by the State before the charge was read to the jury. Their disagreement lies in the timing of the abandonment. The State argues that the abandonment of count two occurred during voir dire, before the jury was empaneled and sworn, thus preserving the count for submission in the charge as a lesser-included offense. Appellant argues that the abandonment occurred later, after the indictment was read to the empaneled and sworn jury. We address each argument in turn, beginning with the State.

### 1. State's Version of the Events

The State contends that the prosecutor abandoned count two during voir dire. The record reflects the following exchange:

[PROSECUTOR]: Judge, can we take up one matter real quick? I talked to [Defense Counsel] and I know we've explained to the jury that the defendant has been charged with possession with intent to deliver.

Actually, it's a two count indictment. Our intentions would be to waive count two. I've researched the case law and my understanding is that the State would be entitled to a lesser included offense if we requested just a straight possession, if the evidence raises that.

THE COURT: So you're dropping. What is count two?

[PROSECUTOR]: Straight possession. And count one is possession with intent to deliver. So one is a first degree and one is a second degree.

[DEFENSE COUNSEL]: Is Defendant's Exhibit 1 admitted?

THE COURT: It is received.

(WHEREUPON, the item was (admitted into evidence as (Defendant Exhibit Number 1.

[Voir dire of individual panel members then resumed].

Nothing more was said on the record with respect to the State's waiver of count two. Defendant's exhibit 1 was unrelated to the discussion of waiver. While the law is clear that the State may orally waive, abandon or dismiss a charge or portion of the indictment, *Yeagin v. State,* 400 S.W.2d 914 (Tex.Crim. App.1966), such waiver is only effective to preserve the count for further prosecution *if the State obtains the trial judge's permission to waive the count, on the record, before jeopardy attaches. Preston,* 833 S.W.2d at 520. *See also Proctor,* 841 S.W.2d at 4; TEX.CODE CRIM.PROC. art. 28.11 (Vernon 1989) ("All amendments of an indictment or information shall be made with the leave of court and under its direction."). The record before us does not show that the trial judge ever gave the State permission to abandon count two. "So you're dropping. What is

count two?" does not constitute permission to drop the count. We therefore hold that the State's attempt to waive count two during voir dire was not effective.

Because the State did not effectively waive or abandon the charge of straight possession during voir dire, jeopardy attached to the entire indictment, which included both the count of possession with intent to deliver (one) and the count of straight possession (two), when the jury was empaneled and sworn. *See Crist*, 437 U.S. at 35, 98 S.Ct. at 2160–61; *Alvarez*, 864 S.W.2d at 65; *Vasquez*, 740 S.W.2d at 121.

### 2. Appellant's Version of the Events

Appellant contends that after the jury was empaneled and sworn, the prosecutor read count one of the indictment to the jury, and then "stated, in open court, that the State waived and abandoned count two of the indictment." He argues that the State was barred from that point on from further prosecuting him for possession of cocaine under the double jeopardy provisions of the United States and Texas constitutions.

However, the alleged statement of waiver by the prosecutor on which appellant relies is not reflected in our record:

> THE COURT: With those brief remarks, will the State please read the indictment?
>
> (Whereupon, the indictment was (read, aloud in open court, after (which the following proceedings (were had, to-wit:
>
> THE COURT: To which the defendant pleads?
>
> MR. BROWN: Not guilty.

Appellant contends that the statement of facts is incorrect. He argues that the statement of facts should reflect that the prosecutor read count one of the indictment and then stated that the State waived and abandoned count two.

Pursuant to Appellant's request, we ordered the trial court to conduct a hearing to settle the dispute on the alleged errors in the statement of facts. TEX.R.APP.P. 55(a). Defense counsel, the prosecutor and the court reporter all testified at the hearing. Both defense counsel and the prosecutor testified unequivocally that the prosecutor only read count one to the jury, and not the entire indictment. The court reporter testified that the record would not necessarily reflect that only one portion of the indictment was read, unless an objection was made. Both the court reporter and the prosecutor testified that neither recollected any statements made by the prosecutor regarding waiver and abandonment of count two after the jury was sworn. The court reporter testified that if such a statement had been made, it would be reflected in the record. The trial court then made its finding that the record was accurate as presented to this Court.

■ Appellant argues that the trial court abused its discretion by making such a finding, and urges us to disregard it. Rule 55(a) gives the trial court the authority to settle disputes about the accuracy of the statement of facts. TEX.R.APP.P. 55(a); *Hawkins v. State*, 792 S.W.2d 491, 498 (Tex.App.—Houston [1st Dist.] 1990, no pet.). With regard to Appellant's assertion that the prosecutor made a statement waiving count two after it read the indictment, we hold the court's finding that the record was accurate was supported by the testimony of the prosecutor and the court reporter that they could not recall the State affirmatively waiving count two after the indictment was read, as well as the court reporter's testimony that if such a statement was made, it would be reflected in the record. The trial court did not abuse its authority in refusing to amend the record to reflect an alleged statement waiving count two made by the prosecutor.

■ On the other hand, the State clearly did not dispute Appellant's assertion that only count one was read to the jury, and in fact confirmed it at the hearing. Under these facts, we therefore hold that the court's finding that the record was accurate to the extent that the entire indictment was read was an abuse of its authority under Rule 55(a). However, the reading of only one of two counts in the indictment does not affect the disposition of this appeal. For the purposes of a double jeopardy analysis, we must assume that the State intended to try all

counts in the indictment, even when the prosecutor fails to read each one to the jury, unless the record clearly indicates otherwise. *Preston*, 833 S.W.2d at 521. Our record does not clearly indicate that the State intended to waive, abandon or dismiss count two. Inclusion of count two in the jury charge when the count was not read to the jury in the indictment was not double jeopardy. Such inclusion might have violated article 36.01 of the Texas Code of Criminal Procedure; however, Appellant did not raise an objection on that ground either at trial or on appeal.

We therefore conclude that, under the record before us, the State did not effectively waive count two either before or after jeopardy attached. The State was therefore not barred by double jeopardy from submitting the offense of straight possession as a lesser-included offense of count one (possession with intent to deliver).

Appellant's two points of error are overruled. The conviction is affirmed.