**Ex parte George Ellis COOKS, Jr.**

**No. 07–97–0218–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 9, 1998.

Mike Brown, Lubbock, for appellant.

Travis Ware, Dist. Atty., Chad Meacham, Asst. Dist. Atty., Lubbock, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

BOYD, Chief Justice.

In this appeal from the denial of a pretrial writ of habeas corpus, appellant George Ellis Cooks, Jr. asserts that his retrial for the offense of aggravated robbery is barred by the double jeopardy clause of the Fifth Amendment to the Federal Constitution, made applicable to the states by the Fourteenth Amendment to that constitution. He also asserts that his retrial would violate the double jeopardy clause of article 1, section 14 of our state constitution, as well as the similar provision of article 1.10 of the Code of Criminal Procedure. Disagreeing with those contentions, we affirm.

On May 7, 1996, without legal counsel, appellant was tried for this offense before a jury and was found guilty. Appellant opted to have the court set his punishment, and the trial judge took the matter under advisement at the conclusion of the punishment hearing. After the trial, and prior to a decision as to punishment, appellant's family employed an attorney to represent him. The attorney filed a motion for new trial on June 28, 1996, prior to the entry of judgment or imposition of sentence. On June 28, 1996, the jury verdict was set aside and a new trial granted. On June 16, 1997, appellant filed a petition seeking habeas corpus relief, which was overruled on July 24, 1997. Hence, this appeal.

In his order denying the relief sought, the trial court found, relevant to this appeal, that appellant was indigent at the time of the trial and he never knowingly and intentionally waived his right to counsel.

The double jeopardy clause contained within the Fifth Amendment to the Federal Constitution reads: "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. Article 1, section 14 of the Texas Constitution provides that:

> [n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

Tex. Const. art. I, § 14. Article 1.10 of the Code of Criminal Procedure tracks the language of article 1, section 14 of our state constitution.

Supporting his single point jeopardy contention, appellant specifically argues his prosecution is jeopardy-barred because the trial judge "was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." Appellant recognizes the long-established rule in this state that a mistrial and new trial, granted at the defendant's request, ordinarily pose no inhibition to further prosecution of the same offense in a new proceeding. In *Bauder v. State*, 921 S.W.2d 696, 698 (Tex.Crim. App.1996) (*Bauder I*), the court noted the general rule that if a defendant does not consent, the double jeopardy clause requires that his culpability be determined in a single proceeding before the jury first selected to try him, if the trial is before a jury, unless it becomes manifestly necessary to terminate the proceedings before a verdict is returned in order to assure fairness or efficiency in the trial process. However, the court explained, it has also been long established that a mistrial granted at the defendant's request posed no inhibition under the double jeopardy provisions in both the federal and state constitutional protections. *Id.* The court explained the reasoning underlying the rule is that a defendant's motion for mistrial is considered "a deliberate election on his part to

forego his valued right to have his guilt or innocence determined before the first trier of fact." *Id.,* citing *United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978). The exception to that general rule, the court explicated, in both federal and state jurisdictions, is that if the government was acting through its representatives, purposefully forcing the termination of a trial in order to repeat it under more favorable circumstances, the double jeopardy protections are violated. *Id.* at 698–99.

However, the *Bauder I* court also held that under our state constitutional protections, a successive prosecution for the same offense is jeopardy-barred even after a declaration of mistrial at the defendant's request, "not only when the objectionable conduct of the prosecutor was intended to induce a motion for mistrial, *but also when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible* would require a mistrial." (emphasis added). *Bauder I,* 921 S.W.2d at 699.

Appellant argues that the same rule should apply in the case of a trial judge when he was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial by way of a motion for new trial. He reasons that, in this case, by compelling appellant to proceed to trial without counsel even though he was indigent and had asked for counsel, the judge's conduct was reckless and intentional. Moreover, the law has been well established for a period of years, and the judge must have been aware that such conduct would require another trial but consciously disregarded that risk. Therefore, appellant argues, we should extend the rule articulated in *Bauder I* to judicial conduct such as that before us. Of course, to accept appellant's argument would necessarily mean that we must not only extend the rule to include judicial conduct, but that we must also hold the rule is applicable in cases in which a mistrial is granted, as well as in cases in which a new trial was granted after the return of a verdict. Predictably, in responding to appellant's arguments, the State not only argues that *Bauder I* should not be extended to judicial conduct, but also points out that the *Bauder I* rule is only applicable in cases in which a mistrial has been granted. Thus, it concludes, because this is not a case in which a mistrial was granted, but is, rather, one which has proceeded to a jury verdict, the reasoning that gave rise to the *Bauder I* rule is not applicable.

In the recently decided case of *Ex parte Davis,* 957 S.W.2d 9 (Tex.Crim.App.1997), the court had occasion to consider an analogous question and decided it adversely to appellant's position. Because of the significance of the case, we will discuss it in some detail. Davis was convicted of capital murder and sentenced to life imprisonment. The court of appeals reversed and remanded the case because, it said, the district attorney intimidated a witness and, in effect, suborned perjury. Subsequent to the remand, Davis filed a pretrial writ of habeas corpus asserting that double jeopardy barred his retrial. The habeas court denied relief and the court of appeals affirmed. In doing so, the court of appeals concluded "[w]hen a trial proceeds to conclusion despite a legitimate claim of serious prejudicial error and the conviction is reversed on appeal, retrial is not jeopardy-barred." *Ex parte Davis,* 893 S.W.2d 252, 254 (Tex.App.—Austin 1995). The court of criminal appeals granted the applicant's petition for discretionary review to determine if:

> the rationale of *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996), barring a retrial on state double jeopardy grounds following the granting of a mistrial because of prosecutorial misconduct, apply when the cause goes to a verdict but is reversed on appeal?

*Ex parte Davis,* 957 S.W.2d at 9–10.

En route to determining that retrial was not barred by double jeopardy, the court opined that the *Bauder I* rationale was not dispositive because of "a most significant difference." That being, Davis had his conviction reversed after a full trial on the merits, whereas in *Bauder I,* the trial never went to verdict because of state-provoked mistrials on two occasions. *Ex parte Davis,* 957 S.W.2d at 12. In discussing that "significant difference," the *Davis* court noted the holding of the supreme court that except in cases such as those in which the evidence is insuffi-

cient to sustain a conviction, "double jeopardy 'does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.'" *Davis,* 957 S.W.2d at 12, citing *Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988). In discussing the appellant's claim that Texas constitutional double jeopardy provisions give broader protection than the federal provisions, the *Davis* court held that "*Bauder* certainly does not forbid, on state constitutional jeopardy grounds, a retrial following a reversal on appeal." *Id.* at 13. There is a logical reason for the distinction in that the practical effect of the type of prosecutorial misconduct discussed in *Bauder I* is of such a nature as to effectively deny a defendant his due process right to fair trial before an impartial jury. Generally, such a situation arises in instances where there is a possibility that without such prosecutorial misconduct an acquittal may result. In such cases, the defendant is put to a "Hobson's choice" between continuing the case tainted by such prejudicial misconduct before the jury or seeking a mistrial. To require the defendant to make such a choice under those circumstances deprives him of his due process right to a fair trial. *See Ex parte Bauder,* 974 S.W.2d 729 (Tex.Crim. App.1998) *(Bauder II ).* The situation is different in a case in which a guilty verdict is returned, reversal is ordered, and the defendant is awarded another day in court. This is so because the defendant has not been deprived of his right to a trial until verdict and possible acquittal by prosecutorial misconduct.

In arriving at its decision and in recognizing the distinction, the *Davis* court commented that "[i]t has long been the law that where a defendant's due process rights have been violated to the extent that he has been denied a fair trial, the proper remedy is reversal of his conviction and remand of the cause to the trial court for further proceedings." *Ex parte Davis,* 957 S.W.2d at 14. Although there was no appellate reversal in this case, the end result is the same, namely, appellant will have another day in court. Thus, the reasoning employed by the *Davis*

court is applicable here and is dispositive of appellant's challenge in this case.

Accordingly, because appellant's due process rights were protected by the granting of a new trial with the prospect of a fair trial before an impartial jury, and with representation by adequate legal counsel, we overrule appellant's point of error. The judgment of the trial court is affirmed.