Affirmed, and Opinion filed April 21, 2009








 

Affirmed,
and Opinion filed April 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00515-CR

____________

 

EX PARTE TRUDY LYNN LEGRAND

 

 



 

On Appeal from the
County Criminal Court at Law No. 10

Harris County,
Texas

Trial Court Cause
no. 1489120-A

 



 

O P I N I
O N

Appellant,
Trudy Legrand, received a new trial following a conviction for Class B
misdemeanor theft, but she maintains that double-jeopardy and due process
principles bar the State=s efforts to re-try her.  The trial court denied appellant=s request for habeas corpus relief. 
We affirm.

BACKGROUND








On May
7, 2006, the State filed a criminal information (the Afirst information@) against appellant, charging her
with theft of property valued at more than $50 but less than $500, a Class B
misdemeanor.  See Tex. Penal Code Ann. ' 31.03(a), (e)(2) (Vernon Supp.
2008).  Although the information alleged theft of only two itemsCone DVD and one video gameCfrom a Wal-Mart store, the State
insists that appellant stole several more items, as well.  Apparently, however,
the trial court forbade the State from introducing evidence or otherwise commenting
on appellant=s alleged theft of property other than that specifically named in the
charging instrument.[1]

Notwithstanding
that ruling, the prosecutor specifically remarked during the State=s opening statement that, in addition
to the two items identified in the information, A[t]here were many other items
taken[.]@ Thereafter, the record also contains
several further references to appellant=s theft of Aother merchandise.@  Appellant requested a mistrial on
at least three occasions, arguing that the State violated the trial court=s pre-trial exclusionary ruling. 
Appellant=s requests were denied.  After the jury convicted appellant of the
charged offense, however, the trial court granted a new trial to appellant,
stating A[T]he third time that [appellant]
demanded a mistrial, I should have granted it[.]@[2]

The
State then filed a new information (the Asecond information@) charging the appellant with Class A
misdemeanor theft, and dismissed the first information.  Appellant moved to
quash the second information and argued that, by increasing the charges after
appellant obtained a new trial, the State acted with prosecutorial
vindictiveness.  The State then dismissed the second information, and filed
another information (the Athird information@) that again charged appellant with
Class B misdemeanor theft.  Appellant filed a petition for a writ of habeas
corpus, contending that, pursuant to double-jeopardy principles, the State
could not re-try her for theft.








Following
an evidentiary hearing, the trial court denied appellant=s requested relief.  On appeal,
appellant contends that jeopardy and due process principles bar the State=s efforts to re-try her because (1)
the case was dismissed after jeopardy attached; (2) the State goaded her,
through its misconduct at trial, into requesting a new trial; and (3) by
vindictively increasing the charges in response to appellant=s request for a new trial, the State
violated her due process rights.

STANDARD
OF REVIEW

One who
applies for a writ of habeas corpus carries the burden of proving her
allegations by a preponderance of the evidence.  Ex parte Alakayi, 102
S.W.3d 426, 430 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  We review the trial court=s decision to deny habeas corpus
relief for an abuse of discretion, and will consider the facts in the light
most favorable to the court=s ruling.  Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex.
Crim. App. 2006).  We afford almost complete deference to the trial court=s determination of historical facts
supported by the record, especially when those factual findings rely upon an
evaluation of credibility and demeanor.  Ex parte Tarlton, 105 S.W.3d
295, 297 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  We apply the same
deference to review the trial court=s application of law to fact
questions, if the resolution of those determinations rests upon an evaluation
of credibility and demeanor.  Id.  However, if the outcome of those
ultimate questions turns upon an application of legal standards, we review the
trial court=s determination de novo.  Id.

ANALYSIS








The
Fifth Amendment to the United States Constitution guarantees that a person
shall not Abe subject for the same offence to be twice put in jeopardy of life or
limb.@  U.S. Const. amend. V.  The
prohibition against double jeopardy protects an accused from a second
prosecution for the same offense following a conviction or acquittal, as well
as multiple punishments for the same offense.  See Ex parte Kopecky, 821
S.W.2d 957, 958 (Tex. Crim. App. 1992).  This constitutional protection also
embraces a defendant=s Aright to have his trial completed by a particular tribunal.@  United States v. DiFrancesco,
449 U.S. 117, 128 (1980).

A.        Dismissal Following Jury
Trial

Appellant=s first issue arises from the State=s dismissal of the first information
following conviction and the granting of a new trial.  Appellant argues that,
because the State dismissed the first information after jeopardy attached, she
cannot be retried.  The State responds that appellant remains under Acontinuing jeopardy@ because the conviction was set aside
for reasons other than sufficiency of the evidence.

Subject
to the trial court=s consent, the State is free to dismiss a criminal action at
any time.  See Code Crim. Proc. Ann. art. 32.02 (Vernon 2006). 
However, depending on the timing of the State=s motion for dismissal, the Fifth
Amendment may bar a subsequent prosecution following dismissal of the charging
instrument.  See Brown v. State, 900 S.W.2d 805, 807 (Tex. App.CSan Antonio 1995, pet. ref=d).  Generally, if dismissal occurs
before jeopardy attaches, double jeopardy does not bar a later prosecution.  Proctor
v. State, 841 S.W.2d 1, 4 (Tex. Crim. App. 1992)).  By contrast, if the
State dismisses an information after jeopardy has attached, it may not
thereafter prosecute the defendant for that offense for which she was earlier
placed in jeopardy of conviction.  See Ex parte Goodman, 152 S.W.3d 67,
71 (Tex. Crim. App. 2004).  In that event, Athe State loses the opportunity to
try that charge forever.@  Brown, 900 S.W.2d at 807.








Double-jeopardy
considerations come into play only after a defendant was placed in jeopardy a
first time.  Ex parte George, 913 S.W.2d 523, 525 (Tex. Crim. App.
1995).  Here, because appellant was tried by a jury, jeopardy attached when the
jury was empaneled and sworn.  See Goodman, 152 S.W.3d at 71 n.6. 
Appellant concludes, then, that because the State dismissed the first
information after the jury was empaneled and sworn, she cannot be re-tried for
the same offense.  We disagree with appellant=s application of the general rule in
this case.

When, as
here, a trial proceeds to verdict and the conviction is set aside,[3]
a subsequent trial is not automatically jeopardy-barred.  Ex parte Mitchell,
977 S.W.2d 575, 578 (Tex. Crim. App. 1997) (citing Ball v. United States,
163 U.S. 662, 669 (1896)).  That is, although the Double Jeopardy Clause
prevents a new trial if the conviction was reversed for insufficiency of the
evidence, it does not bar retrial of a defendant whose conviction was set aside
because of an error in the proceedings leading to conviction.  See Burks v.
United States, 437 U.S. 1, 10B11, 14 (1978); Mitchell, 977
S.W.2d at 578.  Under the theory of Acontinuing jeopardy,@ a defendant may be retried after her
conviction was reversed on appeal, because the proceedings against her never
ceased.  Mitchell, 977 S.W.2d at 579.  The doctrine has been held to
apply Awhere criminal proceedings against an
accused have not run their full course.@  Justices of Boston Mun. Court v.
Lydon, 466 U.S. 294, 308 (1984).  In those scenarios, the new trial can be
regarded as Aan enlarged, fact-sensitive part of a single, continuous course of
judicial proceedings.@  Id. at 309.








Appellant
acknowledges the concept of Acontinuing jeopardy@ but contends that, in this case, it
ceased to apply after the State=s dismissal of the first information.  Apparently in support
of this claim, appellant cites several cases which state the general rule that
the State=s dismissal of a criminal action after jeopardy attaches may operate as a
bar to further prosecution.  See Crist v. Bretz, 437 U.S. 28, 29B30, 37B38 (1978); State v. Florio,
845 S.W.2d 849, 852 (Tex. Crim. App. 1992); Proctor, 841 S.W.2d at 3B4; State v. Torres, 805 S.W.2d
418, 423 (Tex. Crim. App. 1991) (Clinton, J., concurring); McElwee v. State,
589 S.W.2d 455, 457, 460 (Tex. Crim. App. 1979).  However, these authorities
are not analogous to the case at bar.

None of
the cases cited by appellant involve the filing of a new information in a Acontinuing jeopardy@ situation, that is, following a
conviction that was set aside post-trial.  That factual distinction is
critical.  As the United States Supreme Court explained:

The reason for holding that jeopardy attaches when the jury is
empaneled and sworn lies in the need to protect the interest of an accused in
retaining a chosen jury.  That interest was described . . . as a defendant=s Avalued right to
have his trial completed by a particular tribunal.@  It is an interest with roots deep in the historic
development of trial by jury in the Anglo-American system of criminal justice. 
Throughout that history there ran a strong tradition that once banded together
a jury should not be discharged until it had completed its solemn task of
announcing a verdict.

Regardless of its historic origin, however, the defendant=s Avalued right to
have his trial completed by a particular tribunal@ is now within the protection of the constitutional guarantee against
double jeopardy, since it is that Aright@ that lies at the foundation of the federal rule that
jeopardy attaches when the jury is empaneled and sworn.

 

Crist, 437 U.S. at 35B36 (citations and footnotes
omitted).  Thus, after a jury has been empaneled and sworn, the accused is
entitled to proceed to trial before that particular tribunal and, accordingly,
the State may not thereafter dismiss the charge and then re-try the defendant
before a different jury.  See id.; Proctor, 841 S.W.2d at 3B4.








By
contrast, the Acontinuing jeopardy@ theory is premised upon the fact that, when a new trial is
granted after conviction, the accused has not been denied the right to
have the charges against her decided by the first tribunal.  See Ex parte
Davis, 957 S.W.2d 9, 11 (Tex. Crim. App. 1997).  In this case, as in the Acontinuing jeopardy@ situation, the State=s dismissal of the first indictmentCafter a new trial was granted and before
a second jury was empaneledCdid not deprive appellant of any of her rights under the
Double Jeopardy Clause.

Not
surprisingly, then, other courts that have considered this legal issue have
uniformly held that, when a conviction is later set aside for reasons other
than insufficiency of the evidence, the Double Jeopardy Clause does not bar a
retrial on a superseding indictment.  See United States v. Howe,
538 F.3d 820, 827 (8th Cir. 2008), petition for cert. filed, ___
U.S.L.W. ___ (U.S. Dec. 22, 2008) (No. 08-8082); United States v. Holland,
956 F.2d 990, 993B94 (10th Cir. 1992); see also United States v. Davis,
873 F.2d 900, 907 (6th Cir. 1989) (permitting re-trial on new indictment).  

For
example, in Howe, after the jury was unable to reach a verdict as to the
defendant=s guilt on two of the charged offenses, the trial court declared a
mistrial as to those counts.  See Howe, 538 F.3d at 823B24.  The government dismissed the
original indictment and returned a new indictment charging Howe with the two
remaining offenses.  See id. at 824.  Howe moved to dismiss the new
indictment on double-jeopardy grounds.  See id.  The Eighth Circuit
Court of Appeals rejected Howe=s double-jeopardy claims and held that the filing of a
subsequent indictment was not a jeopardy-terminating event:

We realize, of course, that the government is now proceeding
under a new indictment. . . .  But that procedural wrinkle does not affect the
outcome of this case because the government did not seek dismissal of the
original indictment so it could separately indict Howe for the lesser
included offense of kidnapping after he was acquitted of felony murder. 
Rather, Howe was originally indicted in Howe I for both felony
murder and kidnapping and the two charges were encompassed within a single
prosecution. . . . [W]e do not believe that the dismissal of Howe I
without prejudice after the mistrial and the subsequent return of Howe II,
which essentially restated the hung counts and added counts of witness
tampering and pretrial escape, terminated that continuing jeopardy. 
Accordingly, we conclude that Howe remains in continuing jeopardy for the
offense of kidnapping and the government may retry him for that offense[.]

 








Id. at 827 (last emphasis added)
(citation omitted).

The
Tenth Circuit Court of Appeals reached the same conclusion in Holland,
in which the government filed a superseding indictment after the jury=s inability to reach a verdict
resulted in a mistrial.  See Holland, 956 F.2d at 992.  The prosecution=s new indictment Aessentially mirrored@ the charges on which the defendants
had already been tried.  See id.  The defendants challenged the new
indictment on double-jeopardy grounds.  See id.  The Tenth Circuit
rejected the defendant=s argument:

[T]he
government could properly reindict and retry defendants on the same charges
without offending principles of double jeopardy because the required event,
such as an acquittal, did not occur to terminate the original jeopardy on the
counts remaining for retrial.  Reindictment, in the circumstances of this case,
is equivalent to retrial under the original indictment.

 

Id. at 993.

In this
case, a new trial was granted for reasons other than sufficiency of the
evidence.  Therefore, appellant was under Acontinuing jeopardy@ and could be retried for the same
offense.  See Mitchell, 977 S.W.2d at 579.  Thereafter, the State=s dismissal of the first information
in favor of a new information, which charged appellant with the same theft,
was  not a jeopardy-terminating event.  See Howe, 538 F.3d at 827; Holland,
956 F.2d at 993B94.          Accordingly, we overrule appellant=s first issue.

B.        Prosecutorial Misconduct








As with
appellant=s first issue, her third issue also deals with a defendant=s constitutional right to have her
trial completed by the first jury that is empaneled to try her, and we address
that argument next.  In her third issue, appellant contends that the State
cannot re-try her because of its own intentional misconduct during trial. 
Specifically, she argues that the State intentionally and flagrantly violated
the trial court=s evidentiary order excluding any references to other items
that appellant was claimed to have stolen.  Appellant claims, citing Oregon
v. Kennedy,[4] that this
intentional misconduct by the prosecutor Agoaded@ her into requesting a mistrial and
new trial, and that the Double Jeopardy Clause therefore forbids a retrial.  In
response, the State insists that the prosecutor was zealously acting with the
intent to obtain a conviction, not to provoke a mistrial.[5] 
We resolve this issue against appellant, but not for the reason argued by the
State.

In 1982,
the United States Supreme Court held that, under some circumstances, the Double
Jeopardy Clause may bar a retrial even in cases in which the defendant moves
for a mistrial.  See Oregon v. Kennedy, 456 U.S. 667, 676 (1982). 
Generally, jeopardy principles do not bar the subsequent prosecution of a
defendant who successfully moves for mistrial, even when the defendant=s motion was necessitated by
prosecutorial error.  See id. at 670.  However, in Kennedy, the
Court recognized a Anarrow exception@ to the general rule in cases in
which a mistrial was granted due to prosecutorial misconduct that was intended
to Agoad@ the defendant into requesting the
mistrial.  See id. at 673, 676.

The
premise for the rule announced in Kennedy can again be traced to a
criminal defendant=s Avalued right,@ under the Fifth Amendment, to have her trial completed by a
particular tribunal.  See id. at 671B72.  That constitutional right is
violated if the prosecutor engages in misconduct that was designed to provoke
the defendant into requesting a mistrial.  See id. at 673.  Such a
situation presents the defendant with the Hobson=s choice of either (1) accepting a
necessarily prejudiced jury, or (2) moving for a mistrial, thereby deliberately
foregoing her right to have trial completed by that tribunal.  See id.
at 670, 676.  If a mistrial is granted under those circumstances, the Double
Jeopardy clause forbids a retrial:








Since one of the principal threads making up the protection embodied in
the Double Jeopardy Clause is the right of the defendant to have his trial
completed before the first jury empaneled to try him, it may be wondered as a
matter of original inquiry why the defendant=s
election to terminate the first trial by his motion should not be deemed a
renunciation of that right for all purposes.  We have recognized, however, that
there would be great difficulty in applying such a rule where the prosecutor=s actions giving rise to the motion for mistrial were
done Ain order to goad the [defendant] into requesting a
mistrial.@  In such a case, the defendant=s valued right to complete his trial before the first
jury would be a hollow shell if the inevitable motion for mistrial were held to
prevent a later invocation of the bar of double jeopardy in all circumstances.

 

Kennedy, 456 U.S. at 673 (citing United
States v. Dinitz, 424 U.S. 600, 611 (1976)).








However,
the case at bar does not present the scenario that was contemplated in Kennedy,
because no mistrial was declared in this case.  Instead, the first trial
proceeded to completion and, after the jury convicted appellant of the charged
offense, the trial court granted appellant=s motion for new trial.  Appellant
shrugs off this procedural distinction as inconsequential, arguing that, when a
mistrial could have been granted because of prosecutorial misconduct, Athere is no real distinction between
a mistrial and a new trial.@[6]  We disagree.  That argument fails
to appreciate that a defendant=s constitutional right to proceed before a particular
tribunalCthe stated concern in KennedyCis implicated by a mistrial, but not
by a new trial granted after the trial concludes and the jury renders its
verdict:

[T]he
crucial difference between reprosecution after appeal by the defendant and
reprosecution after a sua sponte judicial mistrial declaration is that in the
first situation the defendant has not been deprived of his option to go to the
first jury and, perhaps, end the dispute then and there with an acquittal.  On
the other hand, where the judge . . . aborts the proceeding, the defendant has
been deprived of his Avalued right to have his trial completed by a
particular tribunal.@

 

United States v. Jorn, 400 U.S. 470, 484 (1971) (citation
omitted); see also Cooks, 979 S.W.2d at 56 (explaining rationale for
distinguishing between prosecutorial misconduct that produces mistrial, versus
misconduct that leads to new trial); Gonzalez v. State, 768 S.W.2d 471,
473 (Tex. App.CEl Paso 1989, pet. ref=d).

For that
reason, Texas courts have consistently held that, when a trial proceeds to
conclusion despite a legitimate claim of seriously prejudicial errorCincluding prosecutorial misconductCthe Double Jeopardy Clause does not
bar retrial if the conviction is later set aside.  See Ex parte Lewis,
219 S.W.3d 335, 359B60 (Tex. Crim. App. 2007);  Mitchell, 977 S.W.2d at
578 (A[T]his Court has found reversal, and
remand to the trial court for further proceedings, to be the proper remedy
where the first trial was unconstitutionally tainted by prosecutorial misconduct.@); Ex parte Davis, 957 S.W.2d
at 14B15; Ex parte Graves, 271
S.W.3d 801, 805 (Tex. App.CWaco 2008, pet. struck) (AKennedy and its progeny bear only on
defense-requested mistrials, and not on postconviction reversals[.]@); Gonzalez, 768 S.W.2d at
472, 473 (noting that, in light of other remedies available to aggrieved
defendants,Ato bar a subsequent trial where there are other available mechanisms to
constrain overzealous prosecutors from violating the rights of defendants is
too drastic@).








Because
the prosecutor=s alleged misconduct did not result in a mistrial in this case, the
Double Jeopardy Clause does not bar a retrial.  See Ex parte Davis, 957
S.W.2d at 15.  Therefore, we overrule appellant=s third issue.

C.        Prosecutorial
Vindictiveness

Finally,
in her second issue, appellant contends that the State violated her due process
rights by filing a second information that increased the charges against her
after she successfully urged a motion for new trial following a conviction on
the first information.  However, because the State offered an explanation for
the charging increase that is unrelated to appellant=s exercise of her right to request a
new trial, we cannot conclude that the trial court clearly erred by denying the
requested relief.

Generally,
prosecutors have broad discretion to decide what charges to file against a
criminal defendant.  Neal v. State, 150 S.W.3d 169, 173 (Tex. Crim. App.
2004).  That discretion is not without limits, however.  For example, a
prosecutor may not increase the charges against a defendant simply as a
punishment for invoking a right, such as pursuing an appeal.  United States
v. Saltzman, 537 F.3d 353, 359 (5th Cir. 2008).  ATo punish a person because he has
done what the law plainly allows him to do is a due process violation >of the most basic sort.=@ United States v. Goodwin, 457
U.S. 368, 372 (1982) (citation omitted).  One who has been convicted of an
offense must be entitled to pursue his appellate rights without fear that the
government will retaliate by substituting a more serious charge for the initial
one.  Blackledge v. Perry, 417 U.S. 21, 28 (1974).








The
defendant bears the burden of proving, by a preponderance of the evidence, a
claim of prosecutorial vindictiveness.  Saltzman, 537 F.3d at 359.  This
may be accomplished in either of two ways.  Neal, 150 S.W.3d at 173. 
First, the defendant may prove Aactual vindictiveness,@ that is, introduce direct evidence
that the prosecutor increased the charges to unjustifiably punish the defendant
for exercising a protected legal right.  Id.  Second, the defendant may
provide proof of circumstances that pose a Arealistic likelihood@ of misconduct sufficient to raise a
presumption of prosecutor vindictiveness.  Id.

This
case effectively presents the classic fact pattern giving rise to a presumption
of vindictiveness.  See Neal v. State, 117 S.W.3d 301, 308 (Tex. App.CTexarkana 2003), rev=d on other grounds, 150 S.W.3d 169 (Tex. Crim. App.
2004) (A[M]ost prosecutorial vindictiveness cases
. . . usually involve an appeal from an original charge and then a filing of a
more serious one.@).  Immediately after the trial court granted
appellant=s request for a new trial following her conviction for Class B
misdemeanor theft, the prosecutor announced the State=s intent to re-file the case as a
Class A misdemeanor.  That decision effectively doubled the severity of
possible punishments against appellant.  Compare Tex. Penal Code Ann. ' 12.21 (Vernon 2003) (providing for
fine of up to $4,000 and/or imprisonment of up to one year for Class A
misdemeanors) with Tex. Penal Code Ann. ' 12.22 (Vernon 2003) (providing
maximum punishments of $2,000 fine and/or imprisonment for 180 days for Class B
misdemeanors).  Therefore, appellant established a presumption of
vindictiveness in this case.  See Blackledge, 417 U.S. at 28B29 (applying presumption when
government pursued increased charges after defendant was convicted and
successfully obtained new trial).

When, as
here, the presumption applies, the burden shifts to the prosecution to come
forward with an explanation for the charging increase, supported by objective
evidence in the record, that is unrelated to the defendant=s exercise of her right to challenge
the conviction.  See Neal, 150 S.W.3d at 173B74.  The trial court decides the
issue based upon all of the evidence, pro and con, and upon the credibility of
the prosecutor=s explanation.  Hood v. State, 185 S.W.3d 445, 448 (Tex. Crim.
App. 2006); Neal, 150 S.W.3d at 174.  In this case, by denying habeas
corpus relief to appellant, the trial court impliedly overruled appellant=s prosecutorial-vindictiveness
claim.  On appeal, we review that implicit factual finding for clear error, but
we review the court=s application of guiding legal principles de novo.  See
Neal, 150 S.W.3d at 174 n.15.








In this
case, when appellant moved to quash the second information, the prosecutor
explained that the decision to increase the charge against appellant was
motivated by a desire to include all of the evidence that was available before
trial began: AWhat we simply did was put the evidence we had prior to trial and use
that to re-file the case as a class A misdemeanor.@  Based on the evidence in the
record, we cannot conclude that the trial court clearly erred by accepting this
explanation as credible.

In the
first information, appellant was accused of stealing two specific items: one
DVD and one video game.  The State alleged that the collective value of these
two items was between fifty dollars and five hundred dollars, which would
translate to a charge of Class B misdemeanor theft.  See Tex. Penal Code
Ann. ' 31.03(e)(2).  At trial, appellant=s defensive theory was that she was
distracted by her children and was not aware that those two items had been
concealed within a toolbox that she had purchased.  In light of this defense,
the State attempted to introduce evidence to prove that, in addition to the two
items included in the information, appellant also stole many other items.  This
additional evidence, the State contends, would have negated appellant=s defense that her failure to pay for
these items was somehow inadvertent.  Nevertheless, the trial court limited the
State to mentioning only those items that were specifically identified in the
charging instrument.  The record indicates, however, that the State prepared
its case with an expectation of introducing evidence of all of the merchandise
that was allegedly stolen.  Further, much of the State=s evidence was premised upon that
expectation.  For example, a Wal-Mart loss-prevention officer had prepared a
receipt reflecting all of the allegedly stolen items, but the trial court did
not allow the State to introduce the receipt into evidence.








When the
trial court granted appellant=s motion for new trial, then, the State might have expected
that its evidence in the second trial would again be limited to the items
listed in the charging instrument.  To address this evidentiary concern and
appellant=s anticipated defense of inadvertence, the State filed a second
information that accused appellant of the theft of at least thirty-six items. 
Apparently, the addition of thirty-four items to the charging instrument was
sufficient to thrust the value of the allegedly stolen merchandise to an amount
in excess of five hundred dollars, thus resulting in an increased charge for
Class A misdemeanor theft.[7]  See Tex.
Penal Code Ann. ' 31.03(e)(3) (Vernon Supp. 2008).

In light
of the evidence in the record, the trial court therefore was entitled to
believe the prosecutor=s explanation that the increased charges against appellant
were not intended to punish her for securing a new trial but, rather, to
address a perceived evidentiary problem in the upcoming second trial.  Based on
the record presented, we cannot conclude that the trial court clearly erred by
finding that the State did not engage in prosecutorial vindictiveness.  See
Neal, 150 S.W.3d at 174 n.15.

Therefore,
we overrule appellant=s second issue.

CONCLUSION

Finding
no merit in appellant=s issues, we affirm the trial court=s denial of habeas corpus relief.

 

/s/      Frank C. Price

Senior
Justice

 

Panel consists of Justices Yates and
Guzman, and Senior Justice Price.*

Publish.  Tex. R. App. P. 47.2(b).









            [1]           The
reporter=s record, which begins with the State=s opening statement, does not contain the trial court=s ruling.  In their briefs, both of the parties
generally allude to the ruling in question as having occurred before trial
began.





            [2]           The
trial judge later explained that the new-trial order was Anot based on prosecutorial misconduct@ but, rather, resulted from a violation of a motion in
limine.





            [3]           In this
double-jeopardy context, courts draw no distinction between convictions that
are set aside in the trial court (i.e., by the granting of a motion for
new trial) and those that are reversed on appeal.  See Ex parte McAfee,
761 S.W.2d 771, 780 (Tex. Crim. App. 1988); Franklin v. State, 693
S.W.2d 420, 432 (Tex. Crim. App. 1985); Ex parte Cooks, 979 S.W.2d 53,
56 (Tex. App.CAmarillo 1998, pet. ref=d) (AAlthough there was no appellate reversal in this case,
the end result is the same, namely, appellant will have another day in court.@); see also United States v. Kelava, 610 F.2d
479, 484 (7th Cir. 1979) (AThe fact that
the defendants were able to upset their convictions in the trial court, rather
than on appeal, cannot make a difference in the result.@).





            [4]           456
U.S. 667 (1982).





            [5]           The
trial judge reached a similar conclusion during the habeas corpus hearing: AThere was nothing about the case that would suggest
that the [S]tate was intentionally attempting to mistrial.@





            [6]           Appellant=s argument seems to enjoy the support of Robinson
v. Wade, in which the federal Fifth Circuit Court of Appeals noted the Aunjustness of . . . preclusive effect simply by the
point in the judicial process at which a charge of [prosecutorial] overreaching
is found meritorious.@  686 F.2d 298, 307 (5th Cir. 1982).  However, in
deciding Robinson, the Fifth Circuit did not actually resolve the Aparticularly thorny question@ of whether Kennedy extends to misconduct
resulting in an appellate reversal instead of a mistrial.  See id. at
309; see also Buffington v. Copeland, 687 F. Supp. 1089, 1092B93, 1103 (W.D. Tex. 1988) (declining to follow, as
dicta, Robinson=s discussion of dichotomy between mistrials and
appellate reversals).  More pertinent to our analysis, however, is the fact
that the Texas Court of Criminal Appeals has expressly declined to apply Kennedy
to cases in which the complained-of misconduct did not result in a mistrial.  See
Mitchell, 977 S.W.2d at 579 (implicitly declining to follow Robinson);
Ex parte Graves, 271 S.W.3d 801, 806 & n.3 (Tex. App.CWaco 2008, pet. struck) (noting that United States
Supreme Court and Texas Court of Criminal Appeals have held contrary to
argument proposed in Robinson).





            [7]           For
reasons not apparent in the record, the State later filed a third information
accusing appellant of the Class B misdemeanor theft of only eleven items: eight
DVD=s and three video games.  Based on our resolution of
this issue, we express no opinion on the State=s suggestion on appeal that the filing of this third information
somehow moots or otherwise cures a complaint of prosecutorial vindictiveness as
to the second information.





            *           Senior
Justice Frank C. Price sitting by assignment.