# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3898

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michael R. Bearden, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  June 13, 2001

Filed: September 12, 2001

_____

Before LOKEN, MORRIS SHEPPARD ARNOLD, and HALL,[*] Circuit Judges.

_____

HALL, Circuit Judge.

Defendant Michael R. Bearden appeals the district court's denial of his motion to dismiss his indictment on double jeopardy grounds.  We affirm.

## BACKGROUND

_____

[*]The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

1

Bearden was charged in a May 25, 1999, superseding indictment with violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy to commit mail fraud, two counts of mail fraud, one count of money laundering in violation of 18 U.S.C. § 1957, and four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The charges arose out of an alleged scheme in which several attorneys submitted to the Arkansas Office of Child Support Enforcement ("OCSE") false bills for child support legal services that were never actually performed. Bearden went to trial in February 2000 along with two co-defendants. The jury was unable to reach a verdict, and the district court declared a mistrial.

Following the mistrial, the United States dismissed the RICO charge. The district court then severed the charges against Bearden from those against his co-defendants, and Bearden was retried. Pursuant to Bearden's motion for judgment of acquittal, the district court dismissed the conspiracy count. The jury was unable to reach a verdict on the mail fraud and money laundering counts, and the district court again declared a mistrial.

A third trial was scheduled on the mail fraud and money laundering charges. Prior to trial, Bearden filed a motion to dismiss the remaining charges on double jeopardy grounds. On November 29, 2000, the district court denied the motion. The district court concluded that the judgment of acquittal on the conspiracy charge had been granted because although Bearden admitted the existence of a conspiracy, there was no proof that he agreed to join the conspiracy. The court held that double jeopardy did not bar Bearden's retrial on the mail fraud and money laundering charges because a jury could find the elements of each offense without also finding that Bearden joined in an agreement to commit mail fraud.

Bearden filed a timely notice of appeal on November 30, 2000. This court has jurisdiction over an appeal from a pretrial order denying a motion to dismiss an

2

indictment on double jeopardy grounds where, as here, the defendant has raised a colorable double jeopardy claim.  See Abney v. United States, 431 U.S. 651, 662 (1977); United States v. Grabinski, 674 F.2d 677, 678 (8th Cir. 1982) (en banc).

**DISCUSSION**

The doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy.  Ashe v. Swenson, 397 U.S. 436, 445 (1970). According to the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Id. at 443.  The burden of proof is on the defendant to show that the verdict in the first trial necessarily decided the fact or issue sought to be precluded in the second trial.  Dowling v. United States, 493 U.S. 342, 350 (1990); United States v. Baugus, 761 F.2d 506, 508 (8th Cir. 1985).  We review the district court's denial of a motion to dismiss an indictment on double jeopardy grounds *de novo*.  United States v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995).

The district court found that Bearden's motion for a judgment of acquittal on the mail fraud conspiracy charge was granted because although Bearden admitted the existence of a conspiracy, "there was no proof that defendant agreed to join the conspiracy."  The parties do not dispute the basis for the judgment of acquittal. Moreover, Bearden does not dispute that conspiracy to commit mail fraud and mail fraud are distinct offenses.  See, e.g., United States v. Pappas, 445 F.2d 1194, 1198 (3d Cir. 1971) (noting that conspiracy is a separate offense distinct from a related substantive crime).  Relying on Sealfon v. United States, 332 U.S. 575 (1948), and United States v. Brown, 547 F.2d 438 (8th Cir. 1977), Bearden instead argues that because the Government went to trial on the theory that Bearden participated in a preexisting mail fraud scheme devised by others, the finding that Bearden did not join in an agreement to commit mail fraud precludes his retrial on mail fraud charges.

3

In Sealfon, the Supreme Court held that the defendant's acquittal on a charge of conspiracy to defraud precluded a subsequent prosecution for aiding and abetting another to commit the same fraud. 332 U.S. at 580. The acquittal on the conspiracy charge was based on the failure to prove the defendant's agreement with another to commit fraud. Because the only way the government could prove that the defendant aided and abetted another to commit fraud was by proving the same agreement already found not to exist, the defendant could not be convicted of aiding and abetting fraud. Id.

In Brown, the defendant first was acquitted on a perjury charge in which it was alleged that the defendant falsely testified that he and another individual, Hendrix, never discussed a bank robbery. The defendant later was charged with conspiracy to commit the same bank robbery. The court held that the acquittal on the perjury charge necessarily meant that the jury believed the defendant's testimony that he and Hendrix never discussed the bank robbery. 547 F.2d at 442. The only evidence to connect the defendant to the alleged conspiracy was the alleged conversation with Hendrix. Because the jury in the perjury case had necessarily determined that the defendant did not have the conversation with Hendrix, the government was barred from attempting to prove that fact again in the conspiracy trial. Id. at 443. Moreover, because the government did not contend that it could prove the defendant's participation in the conspiracy by any other means, the court concluded that the defendant's conspiracy conviction must be reversed and a judgment of acquittal entered. Id.

A mail fraud conviction requires proof that the defendant (1) voluntarily and intentionally devised *or* participated in a scheme to defraud, (2) entered into the scheme with the intent to defraud, (3) knew it was reasonably foreseeable that the mails would be used, and (4) used the mails in furtherance of the scheme. See, e.g., United States v. Kelly, 152 F.3d 881, 887 (8th Cir. 1998); Fed. Jury Practice & Instructions § 47.03 (5th ed.). In the instant case, the indictment alleges that Bearden "devised and participated" in a scheme to defraud. The finding that Bearden did not agree to join in

4

a conspiracy to commit mail fraud does not preclude a jury from finding that he *devised* a scheme to defraud in which the mails were used. As the district court noted, the evidence at trial showed that Bearden prepared false time sheets to be used as billing justification for legal work and sent the time sheets to the Grider Law Firm to be forwarded to OCSE. In reliance on the false bills, the relevant agencies authorized payment. From this evidence, the jury could find that Bearden devised a scheme to defraud without also finding that he joined in an agreement to commit fraud. Thus, unlike in Sealfon and Brown, the Government could prove that Bearden committed the substantive offense of mail fraud without necessarily relying on the ultimate fact found in Bearden's favor in his earlier acquittal on the conspiracy charge. Bearden's retrial on the mail fraud charges therefore would not violate the Double Jeopardy Clause.

Bearden argues that because the indictment alleges a scheme to defraud that goes beyond Bearden's own conduct, to allow the Government to proceed on the theory that Bearden *devised* a scheme to defraud, instead of the theory that Bearden *participated in* a preexisting scheme, would result in a material variance in violation of his due process rights. The question of a variance is not before the court in this appeal, however. We are faced only with the question whether the retrial of Bearden on the mail fraud and money laundering charges would violate double jeopardy. Bearden's variance claim should be presented to the district court in the first instance.

Finally, we conclude that collateral estoppel does not bar Bearden's retrial on the money laundering charges. A money laundering conviction requires proof that the defendant knowingly conducted a financial transaction involving the proceeds of unlawful activity with the intent to conceal the nature, the location, the source, the ownership, or the control of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i); United States v. Dugan, 238 F.3d 1041, 1043 (8th Cir. 2001). The finding that Bearden did not join an agreement to commit mail fraud does not preclude his retrial on charges that he laundered the proceeds of mail fraud.

Accordingly, the district court's denial of Bearden's motion to dismiss the indictment on double jeopardy grounds is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.