# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1021

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Joshua Lee Howe, also known as | * | |
| Josh Harris, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: April 17, 2008
Filed: August 13, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Joshua Lee Howe brings this interlocutory appeal from the denial of his motion to dismiss two counts in his indictment, conspiracy to commit kidnapping and kidnapping, on double jeopardy and collateral estoppel grounds. The district court[1] ruled that Howe would not be twice placed in jeopardy by, and that the government was not collaterally estopped from pursuing, either count. We affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I. BACKGROUND

On October 5, 2005, Howe and his co-defendant, Robert Phillips, were indicted in the Eastern District of Arkansas in United States v. Howe (Howe I), for their alleged involvement in the murder of Jeremy Deshon Gaither in December 2002. The Howe I indictment charged Howe and Phillips with conspiracy to commit a robbery and kidnapping resulting in felony murder, in violation of 18 U.S.C. § 371; felony murder, in violation of 18 U.S.C. §§ 1111(a) & 2; kidnapping, in violation of 18 U.S.C. §§ 1201(a) & 2; being felons in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j)(1).

At trial, the government sought to prove that Howe planned the kidnapping and robbery of Gaither, a rival crack dealer in DeWitt, Arkansas, and convinced Richard Smith, a drug customer of Howe's, and Phillips, one of Howe's associates, to carry out his plans. Gaither's lifeless body was found on the White River National Wildlife Refuge on December 9, 2002, and the medical evidence indicated that he had died from a gunshot wound.

Smith, who pled guilty to aiding and abetting in felony murder in connection with Gaither's death, was one of the government's key witnesses at trial. Smith testified that: (1) on the afternoon of December 6, 2002, he, acting according to a plan allegedly formulated by Howe, lured Gaither into a car under the guise of discussing a potential sale of the car to Gaither; (2) he then picked up Phillips and the two men drove Gaither onto the Refuge at gunpoint, using a gun Howe provided; (3) Phillips robbed Gaither and forced him out of the car; (4) a struggle ensued, and Phillips shot Gaither in the neck; and (5) Smith and Phillips then fled the scene.

An eyewitness testified that Gaither was last seen getting into a car driven by Smith on the afternoon of December 6, 2002, but Smith provided the only eyewitness testimony linking either Howe or Phillips to Gaither's death. Indeed, Howe built his defense around the theory that Smith really acted alone, and only concocted a story about Howe's and Phillips' involvement in hopes of receiving a reduced sentence after Smith's girlfriend reported him to authorities.

On July 25, 2007, a jury acquitted Phillips on all counts. The same jury acquitted Howe of felony murder and of using or carrying a firearm during and in relation to a crime of violence, but convicted him of being a felon in possession of a firearm. The jury failed to reach a verdict with respect to Howe's guilt on the conspiracy and kidnapping counts. Accordingly, the district court declared a mistrial as to those counts on July 27, 2007, and set a date for Howe's retrial. On August 13, 2007, the government moved to dismiss the Howe I indictment without prejudice and, over Howe's objection, the district court granted the motion.

On September 5, 2007, the government returned a new indictment against Howe (Howe II). As relevant to this appeal, Howe was charged in the new indictment with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), and kidnapping, in violation of 18 U.S.C. §§ 1201(a)(2) & 2. Before trial, Howe moved to dismiss the conspiracy and kidnapping counts on double jeopardy and collateral estoppel grounds. The district court denied the motion and Howe now brings this interlocutory appeal.

## II.   DISCUSSION

### A.   Jurisdiction and Standard of Review

This court has jurisdiction to review a pretrial order denying a motion to dismiss an indictment on double jeopardy and collateral estoppel grounds where, as here, the defendant has raised a colorable claim.[2] United States v. Bearden, 265 F.3d 732, 734-35 (8th Cir. 2001).  We review the district court's denial of a motion to dismiss an indictment on double jeopardy and collateral estoppel grounds de novo. Id. at 735.

### B.   Double Jeopardy

Howe first contends that the offending counts in the new indictment are barred by the Fifth Amendment because they are merely lesser included offenses of the charges brought against him at the first trial and therefore, a new trial on either count would amount to a successive prosecution for the same offense.  Before addressing his arguments, we pause to review a few basic principles of double jeopardy jurisprudence.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  Because criminal prosecutions "impose heavy pressures and burdens–psychological, physical, and financial–on a person charged," this constitutional guarantee ensures that a person is not subjected to the experience more than once for any particular crime.  United States v. Turner, 130 F.3d 815, 817 (8th

---

[2]Although the district court found Howe's motion to be frivolous and refused to certify a colorable claim, we believe that he has stated a colorable claim and accordingly, we will address the merits. United States v. Brown, 926 F.2d 779, 781 (8th Cir. 1991) (per curiam).

Cir. 1997) (internal quotation omitted). Accordingly, once jeopardy has attached and terminated as to a particular offense, the government may not bring a new prosecution or punish the defendant again for the same offense. United States v. Peoples, 360 F.3d 892, 894 (8th Cir. 2004).

Greater and lesser offenses do constitute the "same" offense for double jeopardy purposes. Brown v. Ohio, 432 U.S. 161, 168 (1977). Generally, two offenses are not the "same," and prosecution for one after acquittal or conviction on the other does not offend the Fifth Amendment, if "'each . . . requires proof of a fact which the other does not.'" Id. at 166 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). Obviously, however, a greater offense and any lesser offenses included therein cannot pass this test–by their very definition, the lesser included offenses "require[] no proof beyond that which is required for conviction of the greater." Id. at 168. Therefore, once a defendant has been placed in jeopardy for, and jeopardy has terminated as to, a greater offense, the Fifth Amendment forbids successive prosecutions for any lesser included offenses, and vice versa. Id. at 168-69.

Notwithstanding these basic principles, a defendant may generally be retried on charges that resulted in a hung jury at his first trial. Richardson v. United States, 468 U.S. 317, 324 (1984). In a jury trial, jeopardy attaches when the jury is empaneled and sworn, but some event–usually a final verdict of acquittal or conviction–must terminate the original jeopardy before the protection against a new prosecution for the same offense embodied in the Fifth Amendment comes into play. Peoples, 360 F.3d at 894. And a mistrial granted for manifest necessity because the jury is unable to reach a verdict is not a jeopardy-terminating event. Richardson, 468 U.S. at 326. Accordingly, a defendant remains in continuing jeopardy after prosecution for an offense that results in a hung jury, and he can usually be retried for the "same" offense without offending the Fifth Amendment. Id. at 324, 326.

With these guidelines in mind, we turn to Howe's double jeopardy arguments. Howe first contends that a new trial for kidnapping is barred by the Fifth Amendment because kidnapping in violation of 18 U.S.C. § 1201(a) is a lesser included offense of felony murder predicated on kidnapping and/or robbery in violation of 18 U.S.C. § 1111(a).[3] As the first jury returned a verdict of acquittal on the felony murder count, Howe contends that a new trial for kidnapping would amount to a successive prosecution for the same offense after acquittal. We disagree.

To be sure, we do not quarrel with the notion that felony murder under Section 1111(a) and kidnapping in violation of Section 1201(a) may constitute greater and lesser included offenses under Blockburger. Although a conviction for felony murder under Section 1111(a) does not *always* require proof of a kidnapping, it does require proof of the commission of one of the felonies listed in the statute. See 18 U.S.C. § 1111(a). Accordingly, where felony murder is premised on kidnapping, all the facts required to prove kidnapping are also required to prove felony murder. In such circumstances, kidnapping would constitute a lesser included offense of felony murder. See, e.g., United States v. Chalan, 812 F.2d 1302, 1316-17 (10th Cir. 1987) (concluding that, because all the facts needed to establish robbery in violation of 18 U.S.C. § 2111 are also needed to prove felony murder predicated on robbery in violation of 18 U.S.C. § 1111(a), the two offenses are the "same" for double jeopardy purposes).

---

[3]The indictment actually alleges that the felony murder occurred during the perpetration of a kidnapping *and* robbery, but the district court properly instructed the jury that it could convict on this count if it found that Gaither died as a consequence of a kidnapping *and/or* robbery. See, e.g., United States v. Brown, 330 F.3d 1073, 1078 (8th Cir. 2003) (noting that although indictment should be phrased in conjunctive, jury instructions may be phrased in disjunctive). For the sake of clarity, we also use the "and/or" language when referring to this count.

But even if kidnapping *is* a lesser included offense of the felony murder count in Howe I,[4] this case does not involve *successive* prosecutions for felony murder and the lesser included felony. Rather, the government is attempting to complete a single prosecution for *both* felony murder *and* one of the lesser included felonies.[5] As relevant to this appeal, what the Double Jeopardy Clause prohibits is "a successive trial on an offense *not* charged in the original indictment once jeopardy has already terminated on, what is for double jeopardy purposes, the same offense." United States v. Jose, 425 F.3d 1237, 1241 (9th Cir. 2005) (emphasis added) (internal quotation omitted). Thus, for example, in Ex Parte Nielsen, the Supreme Court held that a defendant previously indicted for, and convicted of, cohabiting with a woman could not be subsequently tried for the *separately indicted* included offense of adultery. 131 U.S. 176, 187 (1889). Similarly, in Harris v. Oklahoma, the Court held that a defendant previously indicted for, and convicted of felony murder, could not be subsequently tried for the *separately indicted* underlying felony of armed robbery. 433 U.S. 682, 682 (1977) (per curiam). But here, both the greater and lesser offenses

---

[4]The government does not concede that kidnapping is a lesser included offense of the felony murder count in Howe I, pointing out that the judge instructed the jury that it could convict Howe of felony murder if it found Gaither died during, and as a consequence of, a kidnapping *and/or* robbery. Relying on the "and/or" language, the district court found that the government could have succeeded on the felony murder count solely by proving a robbery. And because the government could have proved felony murder without also proving kidnapping, the district court found, and the government argues on appeal, that a new prosecution for kidnapping after an acquittal on the felony murder count would not constitute a new prosecution for the "same" offense after acquittal. Because we conclude that, in any event, a second trial for the lesser included felony under the circumstances of this case would not amount to a successive prosecution within the meaning of the Double Jeopardy Clause, we need not decide that threshold issue.

[5]Of course, the felony murder portion of this prosecution is already complete, by virtue of the jury's final verdict of acquittal on that count.

were properly included in the original indictment and tried together in a single trial.[6] And, although the jury acquitted Howe on the greater offense of felony murder, it hung on the lesser included offense of kidnapping.[7] In such circumstances, the courts have uniformly concluded that jeopardy continues as to the lesser offense, notwithstanding the defendant's acquittal on the greater offense. See, e.g., Forsberg v. United States, 351 F.2d 242, 248 (9th Cir. 1965); United States v. Scott, 464 F.2d 832, 834 (D.C. Cir. 1972); United States v. Larkin, 605 F.2d 1360, 1368-69 (5th Cir. 1979), modified on other grounds, 611 F.2d 585 (5th Cir. 1980); see also United States v. Chestaro, 197 F.3d 600, 608-09 (2d Cir. 1999); Jose, 425 F.3d at 1243-45.

We realize, of course, that the government *is* now proceeding under a new indictment. As discussed above, after Howe's first trial, the government moved to

---

[6]A single prosecution for both felony murder and the underlying felony does not run afoul of the Fifth Amendment. See, e.g., Jose, 425 F.3d at 1243. Rather, in the context of a single prosecution, the Double Jeopardy Clause forbids multiple *punishments* for the same offense, absent a clear intention on the part of Congress to authorize such punishment. Id. at 1247. Thus, Howe could be tried for both felony murder and the underlying felony in a single prosecution, but he could not be convicted of, or receive cumulative punishments for, both the felony murder and the predicate felony on which the felony murder conviction was based, unless such congressional intent was clearly shown. Id. at 1247-48. Obviously, however, the issue of multiple punishments for the same offense poses no concern in this case, because Howe cannot be punished for the acquitted offense of felony murder.

[7]We acknowledge Howe's contention that the kidnapping count in Howe I actually charged a kidnapping resulting in death. But, we also note that Count III of Howe I clearly alleges a simple kidnapping in violation of 18 U.S.C. § 1201(a), without any allegation that the kidnapping resulted in Gaither's death. And, the jury was not instructed that it had to find that Gaither's death resulted in order to convict Howe on the kidnapping count. Accordingly, even assuming the Howe I indictment *also* alleged a kidnapping resulting in death, it did allege the lesser offense of kidnapping and it was that kidnapping offense on which the jury was unable to reach a verdict.

-8-

dismiss the Howe I indictment without prejudice, the motion was granted over Howe's objection, and the government subsequently returned the Howe II indictment, which is the subject of this appeal. But that procedural wrinkle does not affect the outcome of this case because the government did not seek dismissal of the original indictment so it could *separately indict* Howe for the lesser included offense of kidnapping after he was acquitted of felony murder. Rather, Howe was *originally* indicted in Howe I for both felony murder and kidnapping and the two charges were encompassed within a single prosecution. In such circumstances, the jury's acquittal of Howe on the greater offense of felony murder did not prevent continuing jeopardy from attaching to the lesser offense of kidnapping. And we do not believe that the dismissal of Howe I without prejudice after the mistrial and the subsequent return of Howe II, which essentially restated the hung counts and added counts of witness tampering and pretrial escape, terminated that continuing jeopardy. See, e.g., United States v. Holland, 956 F.2d 990, 993 (10th Cir. 1992) (noting that because mistrial does not terminate jeopardy, "government [can] properly reindict and retry defendants on the same charges without offending principles of double jeopardy," and retrial pursuant to reindictment is equivalent to retrial under original indictment). Accordingly, we conclude that Howe remains in continuing jeopardy for the offense of kidnapping and the government may retry him for that offense unless the doctrine of collateral estoppel–which we address below–dictates a different result.

Howe also contends that conspiracy to commit a kidnapping in violation of 18 U.S.C. § 1201(c), as alleged in Howe II, is merely a lesser included offense of the conspiracy to commit a kidnapping or robbery resulting in felony murder in violation of 18 U.S.C. § 371, alleged in Howe I. This argument requires much less discussion. Even if Howe is correct that the conspiracy count alleged in Howe II is a lesser included offense of the conspiracy count alleged in Howe I, such a result poses no bar to a trial on the new conspiracy count. The jury in Howe's first trial was unable to reach a verdict on the conspiracy count alleged in Howe I. Therefore, jeopardy never terminated as to that offense. And as Howe remains in continuing jeopardy for the

*only* conspiracy count alleged in <u>Howe I</u>, he will not be twice placed in jeopardy by a second trial for the same–or a lesser included–offense.  See <u>Jose</u>, 425 F.3d at 1241 (noting that Double Jeopardy Clause only bars "successive trial on an offense not charged in the original indictment [if] jeopardy has already *terminated* on, what is for double jeopardy purposes, the same offense") (emphasis added) (internal quotation omitted).

We have considered Howe's other double jeopardy arguments and find them to be without merit.

## C.    Collateral Estoppel

Howe also contends that because the acquittals at the first trial necessarily determined certain facts against the government that it would be required to prove to convict him on the kidnapping and conspiracy counts alleged in <u>Howe II</u>, the government is collaterally estopped from pursuing either count.

The Supreme Court has incorporated the doctrine of issue preclusion, or collateral estoppel, into the Fifth Amendment's guarantee against double jeopardy. <u>United States v. Mitchell</u>, 476 F.3d 539, 544 (8th Cir. 2007) (citing <u>Ashe v. Swenson</u>, 397 U.S. 436, 442-43 (1970)).  Unlike traditional double jeopardy principles, which only bar successive prosecutions for the same offense, collateral estoppel can bar a later trial for a *different* offense, "if one of the facts *necessarily determined* in the former trial is an essential element of the subsequent prosecution." <u>United States v. Yeager</u>, 521 F.3d 367, 371 (5th Cir. 2008) (emphasis in original) (quotation omitted), <u>petition for cert. filed</u>, 77 U.S.L.W. 3052 (U.S. July 8, 2008) (No. 08-40).  This is because the doctrine of collateral estoppel dictates that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." <u>Ashe</u>, 397 U.S. at 443.  But a fact previously determined in a criminal case is only an ultimate fact if "it was

necessarily determined by the jury against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict." Prince v. Lockhart, 971 F.2d 118, 123 (8th Cir. 1992). And, the burden is on the defendant to establish that the first jury necessarily decided the issue he seeks to foreclose from consideration at a second trial. Bearden, 265 F.3d at 735. Accordingly, to determine whether collateral estoppel bars the government's intended retrial of Howe, we must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than [those] which [Howe] seeks to foreclose from consideration." Ashe, 397 U.S. at 444 (quotation omitted).

Guided by these principles, we turn to Howe's contention that certain facts were "necessarily determined" in his first trial, and that those facts constitute ultimate issues with regard to the kidnapping and conspiracy counts alleged in Howe II. Howe first argues that a second trial for kidnapping is barred by his acquittal on the felony murder count at his first trial. Specifically, he contends that, in acquitting him of aiding and abetting in felony murder predicated on kidnapping and/or robbery, the first jury necessarily decided either that he did not participate in Gaither's kidnapping or that the government failed to establish one of the essential elements of kidnapping beyond a reasonable doubt. Accordingly, Howe argues that the government is estopped from pursuing the kidnapping count alleged in Howe II, because facts essential to his conviction on that count have already been litigated and decided against the government. We do not agree.

As Ashe instructs us to do, we have examined the pleadings, evidence, charge and other relevant matter in attempting to ascertain what facts, if any, were necessarily decided in Howe's favor. Id. Doing so reveals an inherent flaw in Howe's argument. If the first jury had acquitted Howe of felony murder predicated on kidnapping and/or robbery based partially on a finding that he did not participate in Gaither's kidnapping

-11-

or that one of the elements of kidnapping was not proven beyond a reasonable doubt, it should have acquitted him of kidnapping as well. Since the jury instead reached no verdict on the kidnapping count, its acquittal on the felony murder count must have rested on some finding other than the one urged by Howe. See United States v. Aguilar-Aranceta, 957 F.2d 18, 23-25 (1st Cir. 1992) (noting that if first jury had really acquitted defendant of knowingly importing cocaine based on finding that she did not know the boxes she received contained cocaine, it logically would also have acquitted her on charge of knowingly possessing that same cocaine and concluding that, as jury instead failed to reach a verdict on possession count, its acquittal on importation count must have rested on some other basis); see also United States v. White, 936 F.2d 1326, 1329 (D.C. Cir. 1991).

We can see at least one other possible explanation for the first jury's acquittal of Howe on the felony murder count that would not estop the government from proceeding with the kidnapping count alleged in Howe II and would not be logically inconsistent with the first jury's inability to reach a verdict on the kidnapping count. To convict Howe of felony murder predicated on kidnapping and/or robbery, the judge instructed the jury that it had to find the government had proven beyond a reasonable doubt that, among other things, Gaither's death occurred as a consequence of, and while, the defendants were knowingly and willfully engaged in kidnapping and/or robbing him. Accordingly, the jury could have acquitted Howe of felony murder predicated on kidnapping and/or robbery because the jury thought he did not participate in Gaither's *robbery* and the jury could not *agree* as to whether the government had established all the elements of kidnapping or that Howe participated in one. If the jury did not believe that Howe participated in Gaither's robbery, and could not agree on whether the government had met its burden as to kidnapping, it could not then convict Howe of felony murder predicated on either felony and would have been forced to acquit. See, e.g., Yeager, 521 F.3d at 376 (concluding that, where jury had to find defendant committed securities fraud, wire fraud or insider trading as prerequisite to convicting him on money laundering counts, and jury hung on

-12-

securities fraud, wire fraud, and insider trading counts but acquitted on money laundering counts, acquittal did not represent necessary finding that defendant did *not* commit those underlying crimes, so as to bar retrial–rather, because jury could not *determine* whether defendant committed those underlying crimes, it had to acquit on money laundering counts).[8]

Ultimately, accepting Howe's argument would require us to assume the jury acted inconsistently, and reached opposite conclusions on the same issue in different counts, and "we are loath to impute such inconsistency to [a rational jury]." White, 936 F.2d at 1329. Mindful that the burden is on Howe to establish that the first jury necessarily decided in his favor the issue he seeks to foreclose from consideration, we conclude that collateral estoppel does not bar the government from proceeding with the kidnapping count alleged in Howe II.

Howe also avers that a fact essential to his conviction on the new conspiracy count has already been decided against the government by virtue of the acquittals at his first trial. Howe argues that the government's entire theory of the case at his first trial was that he entered into an agreement with Smith and Phillips to commit the alleged crimes. As such, he contends that the first jury, in acquitting him of felony murder, must have determined that he never agreed with anyone to commit the alleged underlying crimes. As the government will be required to prove that Howe did knowingly enter into an agreement with another to kidnap Gaither to succeed on the new conspiracy count, e.g., 18 U.S.C. § 1201(c), Howe argues that it too is barred by

---

[8]The jury could have acquitted Howe of the use or carry offense under a similar rationale. To convict Howe of using or carrying a firearm during and in relation to a crime of violence, the judge instructed the jury that it had to find, beyond a reasonable doubt, that, among other things, the defendants committed the crimes of robbery, kidnapping and/or murder. But if the jury did not believe that Howe participated in Gaither's robbery, and could not agree on whether the government had met its burden as to kidnapping, it could not find felony murder and, accordingly, also could not find the prerequisite crime of violence for the use or carry offense.

collateral estoppel. To the contrary, as explained above, the first jury could have acquitted Howe of felony murder for reasons that have little or nothing to do with whether the jury believed that Howe entered into an agreement with another to kidnap Gaither. We therefore reject Howe's argument that the first jury's acquittals necessarily encompassed a finding that he never agreed with anyone to kidnap Gaither, and we hold that the conspiracy count alleged in Howe II is not barred by collateral estoppel. See United States v. Baugus, 761 F.2d 506, 509 (8th Cir. 1985).[9]

In sum, "[w]hile we take very seriously the prospect of an accused having to run the gauntlet of a criminal trial a second time," United States v. Bordeaux, 121 F.3d 1187, 1192-93 (8th Cir. 1997), we find no basis in the Double Jeopardy Clause, or in the equitable doctrine of collateral estoppel embodied therein, to bar Howe's retrial for kidnapping and conspiracy.

## III. CONCLUSION

The decision of the district court is affirmed.

_____

_____

[9]Howe also contends that Phillips' acquittal on all charges at the first trial necessarily determined facts against the government essential to its success on the new conspiracy count. He contends that the first jury, in acquitting Phillips on all counts, necessarily determined that Phillips was not involved in any way in the alleged crimes. Accordingly, he argues that the government should not be allowed to allege that those same acts were committed by an unindicted co-conspirator in furtherance of the conspiracy alleged in Howe II. We note, however, that several of the overt acts alleged in support of the new conspiracy count only reference Howe and Smith and make no mention of the unindicted co-conspirator. As the government could succeed on the new conspiracy count simply by proving any one of *those* acts, 18 U.S.C. § 1201(c), the jury's acquittal of Phillips on all charges clearly does not estop the government from proceeding with the new conspiracy count.

-14-